### UNITED STATES v. LONG ISLAND R. CO.

(District Court, E. D. New York. February 3, 1925.)

Railroads ⬡⟾254(2)—Each separate period of service of locomotive with defective boiler constitutes violation of act.

Under Boiler Inspection Act Feb. 17, 1911, § 9 (Comp. St. § 8638), each period of use of a locomotive with a defective boiler constitutes a separate violation of the act.

At Law. Action by the United States against the Long Island Railroad Company. Judgment for plaintiff.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Guy O. Walser, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Joseph F. Keany, of New York City, for defendant.

GARVIN, District Judge. The case is submitted on an agreed statement of facts. The only question to be determined by the court is the amount of penalty to be imposed. The action is brought to recover the sum of $2,800 and is based upon alleged violations of the Locomotive Boiler Inspection Law. Act Feb. 17, 1911, 36 Stat. 913, as amended March 4, 1915 (38 Stat. 1192). The complaint contains 28 separate counts.

A defective tube was installed by defendant on one of its engines August 2, 1923, which went into service on that day and on 27 days thereafter. On the last day a serious accident occurred, and injury to members of the crew followed. The defendant claims that this was one continuing violation, and that, because it discharged the employees who were responsible and now spares the government the expense of a trial, only one penalty of $100 should be imposed.

The statute must be examined and the intent of Congress ascertained. The act (Feb. 17, 1911, supra) provides:

"That from and after the first day of July, nineteen hundred and eleven, it shall be unlawful for any common carrier, its officers or agents, subject to this act to use any locomotive engine propelled by steam power in moving interstate or foreign traffic unless the boiler of said locomotive and appurtenances thereof are in proper condition and safe to operate in the service to which the same is put, that the same may be employed in the active service of such carrier in moving traffic without unnecessary peril to life or limb, and all boilers shall be inspected from time to time in accordance with the provisions of this act, and be able to withstand such test or tests as may be prescribed in the rules and regulations hereinafter provided for." Section 2 (Comp. St. § 8631).

"That any common carrier violating this act or any rule or regulation made under its provisions or any lawful order of any inspector shall be liable to a penalty of one hundred dollars for each and every such violation, to be recovered in a suit or suits to be brought by the United States attorney in the district court of the United States having jurisdiction in the locality where such violation shall have been committed; and it shall be the duty of such attorneys, subject to the direction of the Attorney General, to bring such suits upon duly verified information being lodged with them, respectively, of such violations having occurred; and it shall be the duty of the chief inspector of locomotive boilers to give information to the proper United States attorney of all violations of this act coming to his knowledge." Section 9 (Comp. St. § 8638).

The title reads: "An act to promote the safety of employees and travelers upon railroads by compelling common carriers engaged in interstate commerce to equip their locomotives with safe and suitable boilers and appurtenances thereto."

From this it is manifest that Congress sought to require common carriers to protect employees and passengers against the danger of injury from defective boilers. This danger, from apparatus that is unsafe, is constant and continuous. Each trip taken by a locomotive having a boiler that may explode involves peril. It is against this peril that the law is directed. The use of different engines, improperly equipped, would certainly constitute separate violations. The danger is identical, if the same engine is employed. This does not appear to be a case where the court may exercise its direction, prompted by the considerations advanced by defendant. If the contrary

were true, a boiler in a dangerous condition might be used indefinitely, with the assurance that upon the happening of an accident, as only one violation might be held to have been committed, the carrier might risk delay in repair, in the hope that the court might be persuaded to impose only one penalty. Such could not have been the intent of Congress. Authorities in harmony with this conclusion are United States v. St. Louis Southwestern Railway Co. of Texas, 184 F. 28, 106 C. C. A. 230, and United States v. Receiver of C. G. N. Ry. Co., E. D. Missouri, October 13, 1921.

If these conclusions are correct, it follows that plaintiff must recover judgment against defendant in the sum of $2,800.